IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT STEARNS, | Cause No. CV 18-169-M-DLC-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| JAMES SALMONSEN, WARDEN MONTANA STATE PRISON, | |
| Respondent. | |

This matter comes before the Court on state pro se petitioner Robert Stearns

application for writ of habeas under 28 U.S.C. §2254.

## I.      Background

Following a 2007 jury trial, Stearns was convicted of three counts of

Indecent Exposure, in Montana's Twenty-First Judicial District, Ravalli County.

Stearns was sentenced to 75-years in the Montana State Prison on each count, with

the sentences ordered to run consecutively, for a net sentence of 225-years.  *State

v. Stearns*, 195 P. 3d 794, 796, ℙ 12 (Mont. 2008); see also, (Doc. 8 at 2.)[1]

---

[1] Stearns is also currently serving a lifetime-commitment to Montana Department of Corrections, imposed following the 2008 revocation of his suspended sentence for Sexual Intercourse without Consent, in Montana's Eighth Judicial District, Cascade County.  See e.g., *State v. Stearns*, DA 08-0189, Br. at 5 (filed Dec. 11, 2008).  All state court briefing and orders available at: https://supremecourtdocket.mt.gov/ (accessed Feb. 5, 2019).

Stearns filed a direct appeal and challenged the introduction of prior acts evidence and the procedure utilized by the trial court in admitting the evidence. In affirming his convictions, the Montana Supreme Court found the procedural irregularities did not affect Stearns' substantial rights or violate his right to a fair trial. *Id*. at ¶¶15-23.

Stearns then sought postconviction relief in the state district court. In May of 2010, Stearns' petition was denied. Stearns did not appeal. (Doc. 8 at 3, ¶¶ 11-13.)

Stearns next sought habeas corpus relief in this Court. Stearns challenged trial counsel's performance; claimed there were inconsistencies in the victims' statements; alleged he was only arrested because of his criminal past; and, asserted that someone else committed similar crimes after his arrest, suggesting that he was not responsible for the crimes of which he was convicted. See, *Stearns v. Attorney General*, CV-10-44-M-DWM, Pet. (filed May 5, 2010). Stearns was ordered to show cause as to why his petition should not be dismissed as procedurally defaulted, but Stearns failed to respond. Accordingly, Stearns' petition was dismissed as procedurally defaulted without excuse. *Stearns v. Attorney General*, CV-10-44-M-DWM, Or. (D. Mont. Oct. 22, 2010).

In 2014, Stearns attempted to file an out of time application for review of his sentence with the Montana Sentence Review Division. (Doc. 10-1 at 5-8.) Stearns explained that he was effectively abandoned by his sentence review attorney, Eric

Olson, and that Olson had failed to resubmit his application for sentence review following the conclusion of Stearns' postconviction proceedings in the state district court. *Id*. at 6.  On July 14, 2014, Stearns' application was denied as untimely. *Id*. at 10-11.

During the 2015 legislative session, the Montana Legislature amended Montana Code Annotated §45-5-504, the Indecent Exposure statute under which Stearns was convicted.  The statute previously provided that an individual convicted of a third or subsequent offense of Indecent Exposure was subject to life imprisonment or, alternatively, to a minimum prison term of 5-years and up to 100 years.[2]  The change in law, which became effective October 1, 2015, now provides: "[o]n a third or subsequent conviction, the person shall be fined an amount not to exceed $10,000 or be imprisoned in a state prison for a term of not more than 10 years, or both." Mont. Code. Ann. § 45-5-504(2)(c) (2015).

Relying upon this change in state law, Stearns again advances a challenge to his Ravalli County conviction.  Now he argues his sentence violates the proportionality clause of the Eighth Amendment. (Doc. 8 at 3, ¶ 15.)  Stearns asks this Court to order his sentence be modified to a net sentence of 30 years, the maximum he could receive were he sentenced under the amended 2015 statute.  *Id*.

---

[2] See, MCA 45-5-504(2)(c) (2005): "On a third or subsequent conviction, the person shall be punished by life imprisonment or by imprisonment in a state prison for a term of not less than 5 years or more than 100 years and may be fined not more than $10,000."

at 7, ⁋ 18.

Upon review of his Amended Petition, the Court advised Stearns that his petition was likely barred as second or successive, pursuant 28 U.S.C. §2244(b), and that his claim appeared to be both time-barred and procedurally defaulted. Stearns was ordered to show cause as to why his petition should not be dismissed. (Doc. 9.)  Stearns timely responded.  (Doc. 10.)

## II.    Analysis

The Eighth Amendment forbids the infliction of cruel and unusual punishments.  To determine whether a punishment is cruel and unusual, courts are to "look beyond historical conceptions to 'the evolving standards of decency that mark the progress of a maturing society.'"  *Graham v. Florida*, 560 U.S. 48, 58 (2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (additional citations omitted).  "The Eighth Amendment does not require strict proportionality between crime and sentence.  Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime."  *Ewing v. California*, 538 U.S. 11, 24-25 (2003).

When an individual challenges a term-of-years sentence, the court is to first consider all of the circumstances to determine whether the sentence is unconstitutionally excessive.  *Graham*, 560 U.S. at 59.  "[I]n applying the gross disproportionality principle courts must objectively measure the severity of a defendant's sentence in light of the crimes he committed."  *Norris v. Morgan*, 622

4

F. 3d 1276, 1287 (9th Cir. 2010). "[I]n the rare case in which [this] threshold comparison…leads to an inference of gross disproportionality" the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Harmelin v. Michigan*, 501 U.S. 975, 1005 (1991). If this comparison "validate[s] and initial judgment that [the] sentence is grossly disproportionate," the sentence is cruel and unusual. *Id*.

While the Court has no information before it regarding what sentence other offenders in Montana, or surrounding jurisdictions, have received for felony Indecent Exposure, it well may be that the 225-year sentence Stearns received is grossly disproportionate to other sentences, in violation of the Eighth Amendment. The modification to the Montana statute, which would now cap Stearns' maximum net sentence at 30 years, seems to lend credence to Stearns' belief that his sentence is unconstitutionally excessive. But, as explained below, because Stearns' petition is second or successive, this Court is without jurisdiction to examine the merits of Stearns' claim.

### i.    Second or Successive Petitions

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains demanding filing requirements on second or successive habeas petitions-requirements designed to prevent "the repeated filing of habeas petitions that attack

the prisoner's underlying conviction." *Leal Garcia v. Quarterman*, 573 F. 3d 214, 220 (5th Cir. 2009). A federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the filing of the initial petition, *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007), and if the petition challenges the same state court judgment as the initial petition. *Magwood v. Patterson*, 561 U.S. 320, 333 (2010).

This Court must dismiss any claim which was presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). A new claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3).

While Stearns, and to some extent this Court, previously focused on the change in Montana law in analyzing Stearns' present petition, the change that occurred in 2015 is nothing more than a red-herring.[3] There has been no intervening or amended judgment issued since Stearns' 2007 conviction and sentence. Thus, Stearns is challenging the same state court judgment that he

---

[3] But even assuming this Court did have jurisdiction and could use the effective date of the 2015 statute as the trigger date to begin analyzing Stearns' present petition, a review of Stearns' Response to the Order to Show Cause, (Doc. 10), leads the Court to conclude the claim is untimely and not subject to equitable tolling under, *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010), and that Stearns has failed to demonstrate adequate legal cause to excuse the default of the claim, see *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

6

previously challenged in this Court in 2010.

Moreover, Stearns could have challenged the proportionality of his sentence in his prior federal habeas petition. The change in Montana law did nothing to alter the analysis of a purported Eighth Amendment violation under federal law, as outlined above. Additionally, it appears that Stearns was cognizant of the excessive nature of his sentence and previously sought to challenge it, although to no avail. See e.g., (Doc. 10 at 4) (wherein Stearns states that during state appellate and postconviction proceedings he attempted to persuade his attorneys to challenge the excessiveness of his 225-year sentence).

Stearns is required to raise his grounds for making a second or successive petition before the Ninth Circuit, in a motion for leave to file a second or successive petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Until Stearns obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court is without jurisdiction to hear his claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

### ii.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In this case, a certificate of appealability should be GRANTED. While there is no doubt this Court presently lacks jurisdiction, the Court concludes jurists of reason could determine that Stearns' challenge to the proportionality of his state Indecent Exposure sentence is adequate to encourage further review.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Mr. Stearns' Amended Petition (Doc. 6) should be **DISMISSED** for lack of jurisdiction.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be **GRANTED**.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Stearns may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Stearns must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 7th day of February, 2019.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[4] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Stearns is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.