IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
MAY 15 2019
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| ROBERT STEARNS,<br><br>Petitioner,<br><br>vs.<br><br>JAMES SALMONSEN, WARDEN MONTANA STATE PRISON,<br><br>Respondent. | CV 18-169-M-DLC-JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations in this case on February 7, 2019, recommending the dismissal of Petitioner Robert Stearns' Petition (Doc. 1) for lack of jurisdiction. (Doc. 11 at 8.) Stearns timely filed an objection and is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). "A party makes a proper objection by identifying the parts of the magistrate's

disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted).

Stearns' objection is not an objection by definition. Rather, Stearns explains that he is merely lodging an objection out of an overabundance of caution so as to avoid "an inadvertent 'procedural' gaffe which may lead to impeding further challenges to his claims." (Doc. 12 at 1.) Absent legal objection, Judge Lynch's Findings and Recommendations are reviewed for clear error. Here, there are none.

Nonetheless, it is worth noting that Judge Lynch concluded that, despite the clear procedural bar to this Court's review of the merits of Stearns' petition, Stearns should be granted a certificate of appealability on the grounds that Stearns should be encouraged to seek further review of the merits of his case. (Doc. 11 at 8.) Although this Court's analysis of the procedural impediments to Stearns' case does not warrant further review, the Court agrees that the merits of the procedurally barred claim certainly deserve "encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, the Court will grant the certificate of appealability as recommended.

Stearns has requested clarification as to whether "his next step should be to" seek leave to file a second or successive petition with the Ninth Circuit or appeal this Court's resolution of his petition to the Ninth Circuit. (Doc. 12 at 2.) It is not the function of the Court to provide legal advice. However, the Court will go so far as to explain that if Stearns wishes to be able to file a second of successive petition in this Court, so that the undersigned may address the merits of his petition, he needs to first seek leave to do so with the Ninth Circuit. 28 U.S.C. § 2244(b)(3)(A). If Stearns wishes to seek the Ninth Circuit's review of this Court's disposition of his petition, he should appeal to the Ninth Circuit. There is no reason Stearns may not do both.

IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 11) are ADOPTED IN FULL and the Amended Petition (Doc. 6) is DISMISSED for lack of jurisdiction.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter by separate document a judgment of dismissal.

IT IS FURTHER ORDERED that a certificate of appealability is GRANTED.

DATED this 15th day of May, 2019.

Dana L. Christensen, Chief Judge
United States District Court